# First National Bank of Helena, respondent, *v.* How et al., appellants.

Promissory note — *consideration — fraud — defense.* Fraud that impeaches the consideration of a promissory note constitutes a defense to an action at law on the note..

Promissory note — *fraud of maker and payee — vendor and vendee — defense.* A party who buys and receives from the possessor quartz-mill machinery, the title to which is in litigation, and makes his promissory note in payment of the same, commits a fraud on the vendor by delivering the possession of the property and executing a conveyance of his right thereto to another claiming the same, upon a demand without any legal compulsion, and ·cannot afterward plead as a defense, in an action brought on the note, the fraudulent conduct of the vendor in selling the property.

Promissory note — *failure of consideration — delivery of property.* In an action to recover a promissory note, the maker does not show a failure of consideration by alleging that the payee had no title to the property, in payment of which it was made, if it appears that the maker had delivered to a claimant, without any legal necessity, the property which he had bought and received from the payee.

Promissory note — *pleading — allegation of fraud.* In an action on a promissory note the allegation that a suit was corruptly and fraudulently dismissed, without setting forth the facts constituting the fraud, is immaterial.

Pleading — *filing amended answer — discretion.* It is not an abuse of legal discretion in the court below to refuse to allow a defendant to file a second amended answer, if the affidavits do not show what the defense is, and why it was not made before.

*Appeal from the First District, Madison County.* ·

In April, 1872, the court, Murphy, J., sustained the motion of plaintiff for judgment on the pleading, and refused to allow the defendants, How·*et al.*, to file another amended answer.

The answer alleged that the only consideration of the note sued on was the sale and delivery to How of certain machinery; that plaintiff, at the time of the execution and delivery of the note, falsely and fraudulently stated and represented to How that the plaintiff was the legal and rightful owner of the property, and had the full right to sell the same; that How, relying on these representations, executed the note sued on; that the only title of plaintiff to

the property, at the time of the execution of the note, was derived by a pretended sale and delivery of the property to plaintiff by Cole Sanders, who had possession of the same as agent of the " Cole Sanders Mining Company ;" that said Sanders had no right to so sell and deliver the property, which belonged solely to the company, and was employed by the company as its agent in putting up said machinery and using the same in quartz milling ; that plaintiff well knew the foregoing facts ; that Sanders became indebted individually to plaintiff, for purposes not embraced within his employment as such agent ; that plaintiff fraudulently colluded to defraud the said company of said property, and that said Sanders, with fraudulent design, and without any power or authority, sold and delivered said property to plaintiff in consideration of said individual indebtedness ; that plaintiff commenced an action against said company to procure the title of the company to the property, and agreed to prosecute the same to judgment ; that How relied upon such prosecution, and that said note would not have been made if plaintiff had not made this inducement ; that plaintiff, after the execution of the note, wrongfully and fraudulently dismissed said action, and has failed to procure any adjudication of the title to said property, as against said company ; that plaintiff procured the execution of said note to defraud the defendants of the moneys mentioned in the note ; " and defendants aver that the said Cole Sanders Mining Company, by virtue of their said superior title, has demanded and claimed possession of said property from defendant How."

The answer contained a counter-claim, and demanded judgment against plaintiff for $8,000 damages sustained by defendant How in the transportation and erection of said property for the purpose of crushing quartz.

The other facts appear in the opinion.

W. F. SANDERS and S. WORD, for appellants.

The court below seems to have thought that the answer stated facts that constituted a defense in equity, but not in

law.  The question in this case is, whether the law will enforce a contract procured by fraud, or compel the specific performance of an executory agreement when the consideration has wholly failed.  Chitty on Cont. 748, tit. "Contracts void on the ground of fraud."

The appellant How, who had no title, quit-claimed to the party having the superior title.  It is contended that this is an admission, which does away with the force of the allegations as to fraud in procuring the note, and failure of consideration.  There should be no confusion here.  Suppose the plaintiff had come in and confessed the fraud and failure of consideration set forth in the answer, and had alleged, by way of avoidance, that How had yielded to the superior title and quit-claimed his interest as stated in the answer, would any court hold that the matter confessed had been avoided?  Certainly not.  The fact that this allegation is made by the defendants in the answer is of no more force than if made as reply by plaintiff.

No interest should have been allowed on the note.  Respondents "charged" interest at more than ten per cent per annum.  Such charging results in a forfeiture of all interest due.  Act June 30, 1864, § 30; 2 Bright. Dig. 64; *National E. B. Columbus* v. *Moore*, 1 Law T. Bank, 74.

E. W. & J. K. TOOLE, for respondent.

The answer shows that the defense, if any, is equitable.  Appellants' remedy should be by a bill asking a stay of proceedings in a court of chancery.

Appellants had no right to dispose of the property to the Cole Sanders Mining Company.  Appellants should have returned property to respondent upon discovery of the alleged fraud.  The title of respondent has been vested in the Cole Sanders Mining Company by the conveyance of How.  Respondent must look to appellants and the note sued on, and has no other remedy.

The court properly denied the application of appellants to file an amended answer.  The answer on file was a second amended answer.  The affidavits do not show what amend-

ments are sought to be made. Appellants must show that they would obviate the objections to the answer on file by their proposed amendments. Appellants must also show that there was a gross abuse of discretion by the court below in refusing to permit them to amend their answer. How many times has a party a right to amend? Can a party gamble for decisions of the court, and continue to ask to amend if the rulings are adverse to him?

KNOWLES, J. The only points presented in this case are the sufficiency of the answer of the defendants, and the refusal of the court below to permit the defendants to file an additional amended answer.

The defendants admit the execution of the note sued, and deny that John S. Atchison, cashier, assigned, for a valuable consideration, this note to plaintiff, or delivered the same to it. This denial would, perhaps, be sufficient to raise an issue as to whether the assignment was for a valuable consideration. The defendants, however, in another part of their answer, aver that they " executed and delivered to the said John S. Atchison, as cashier and agent of plaintiff, and for the sole use and benefit of plaintiff, the said promissory note sued on." Admitting this averment to be true, and the plaintiff is the rightful owner of the note, and under our statute the proper party plaintiff, although the assignment of the note to plaintiff may not have been for a valuable consideration.

We come now to the consideration of whether the answer sets up other facts which constitute a defense to the action on the said note.

Both plaintiff and defendants seem disposed to treat, in their arguments, the allegations of the answer as setting up the defense of fraud. We do not feel disposed to enter into the discussion as to whether this defense is an equitable one or not, and, therefore, inadmissible, under our organic act, to be interposed to this action on a promissory note. Undoubtedly fraud can be set up as a defense to an action at law on a promissory note, that is, any fraud that would impeach

the consideration for which the note was given. The fraud presented in this case by the answer of the defendants is, that the plaintiff sold the defendant How certain quartz mill machinery, for which, as a security for the payment of the consideration, this note was given, but that plaintiff had no title to said property. That the same was owned by a corporation known as the Cole Sanders Mining Company, incorporated under the laws of the State of Missouri. That plaintiff purchased this property from Cole Sanders, an agent of the said corporation, and that he had no authority to sell the same. That at the time of the sale plaintiff knew that it had no title to said property, and that the said Cole Sanders had no authority to sell the same.

The answer shows that plaintiff agreed to prosecute an action to declare the title to the said property to be in plaintiff, and not in said corporation, and that a suit was pending for that purpose when plaintiff sold defendant How this property, but that plaintiff, disregarding this agreement, fraudulently dismissed said action.

When a party sets up fraud, he must come into court with clean hands and show that he is entitled to avail himself of the fraud alleged. As we have seen, the defendants show by their answer that they had been apprised that there was some dispute about this property, that an action was pending, concerning the same, against the Cole Sanders Mining Company.

The defendants aver "that the Cole Sanders Mining Company, by virtue of their said superior title, has demanded and claimed possession of said property from defendant How, and that said defendant How has released, relinquished and conveyed to said corporation all his title and possession and right of possession of the said property derived under and by virtue of the said sale."

This was not a proper course for the defendant How to have pursued on a simple demand from the Cole Sanders Mining Company, for said property, although that company may have had the best title to the same. The proper action on the part of the defendant How would have been to have delivered

or offered in good faith to deliver back the property to the plaintiff, as soon as he discovered that the plaintiff had no title to said property, and that a fraud had been committed upon him, unless in some manner he was prevented from so doing. He had no right to pursue such a course as to place the plaintiff in a more unfavorable position in regard to the property than he would have been had he never sold the same to him. The mere demand of the Cole Sanders Mining Company was not sufficient to have prevented the defendant How from delivering or offering to deliver the possession of the property back to plaintiff, much less was it sufficient to compel the said How to not only deliver the possession of said property, but to make a conveyance of the same to the said company of his title and interest. Possession of property is of some value. The possessor of property may never be compelled to deliver the same to the one holding the paramount title. The conduct on the part of How we hold was such as will preclude him and his sureties from coming in and setting up the fraud complained of. The said How has committed a wrong against the plaintiff by his conduct in the premises. It may be urged that, as the answer must be taken as true, there was no wrong in the action of the defendant How, because the plaintiff had no title to the property as appears by the answer. The reply to this is that the defendant How, having received the possession of this property from the plaintiff, had no right unless by a legal compulsion to deliver the property to the other contestant therefor. That although the plaintiff may have had no title to the property, it had the possession thereof and How had no right to act in such a manner as to deprive it of regaining this. Such a proceeding as that of the defendant How would be but a short way of taking property from the possession of one claimant and delivering it to another, and then force the one who had been deprived of the possession of the same and the use and enjoyment thereof to litigate the title to the property on an action on the promissory note given as a security for the payment of the consideration therefor. No court would be war-

ranted in supporting such a proceeding. It is inconsistent with fair dealing on the part of the defendant. He must have his hands clean to entitle him to set up the fraud complained of.

It does not appear how the defendants were damaged by a failure to prosecute the suit to test the title to the property between the plaintiff and the Cole Sanders Mining Company. The dismissal of the suit may have been the natural result of the plaintiff parting with the possession of the property and its title to the same. The mere allegation that such dismissal was corruptly and fraudulently done amounts to nothing without showing the fraud. The facts that constitute fraud must be set forth.

It is claimed in the argument of appellants that the allegations of the answer amount to the setting forth of a failure of consideration. We should be more inclined to treat the answer as setting forth such a defense did it not contain the allegations that the plaintiff knew it had no title to said property at the time of the sale of the same, that it purchased the same from an agent of the Cole Sanders Mining Company, who had no authority to sell the same, which the plaintiff well knew.

Treating this answer, however, as an attempt to set up failure of consideration, namely, failure of title of the property for which the note sued on was given in consideration, and does the answer present a complete defense of this kind?

It does not appear that, by any legal action, the plaintiff had been adjudged to have no legal title. It does not appear that the Cole Sanders Mining Company had obtained the possession of said property through any legal process. All that does appear is, that the said mining company demanded possession of one of the defendants, John How, of said property, and that in pursuance of this demand he not only delivered possession thereof to said company, but he conveyed to it all his right, title and interest thereto. We hold that this does not show a failure of consideration. To warrant a party in delivering possession of property to a

claimant thereof, that he has received possession of from another by virtue of a sale, there must be some legal necessity for him to do so.    That he cannot act thus on a simple demand and then claim that the title has failed.    It has frequently been held, in cases of the sale of lands, that the defendant, in an action on the consideration therefor, cannot set up a failure of title as a defense to the action without showing an eviction.    Personal property comes under the same rule as real estate when a defendant seeks to avail himself of a failure of title.    We do not hold, however, that it is actually necessary for a defendant, in such an action, to show an eviction, but we do hold that the title must have failed and that possession can no longer be maintained, or that he has delivered, or offered to deliver, the property back to his vendor, or show some good reason for not doing so.    Although the defendants may have been apprised of an outstanding title, and may have believed that this was the paramount title, and, in fact, it may have been, they had no right to deliver possession of the property to this claimant without some legal necessity for it.    No such necessity existed at the time and there may never have been such a necessity.

For these reasons we think the answer of the defendants did not state facts sufficient to constitute a defense, and that the plaintiff was entitled to a judgment on the pleadings.

The refusal of the court below to permit the defendant to file an amended answer is assigned as error.

The refusal to allow a party to amend his pleadings rests in the sound legal discretion of the court to whom the application is made, and this court can only review that ruling when it appears that there has been some abuse of that discretion.    It appears that the defendants had obtained permission before to amend their answer, and that the answer in this cause was filed in pursuance to that permission.

The attorneys for the defendants make affidavit on their second application to amend their answer, that the defendants, in their judgment, have a good defense to the action, but these affidavits do not show what that defense is, and

why it was not interposed before, although from their affidavits it would appear that such defense must have been within their knowledge.

Under such circumstances we can see no abuse of discretion in refusing to allow this second amendment of defendants to their answer.

For these reasons the judgment of the court below is

*Affirmed.*