ST. GEORGE, Respondent, v. BOUCHER, Appellant.

(No. 6,376.)

(Submitted January 12, 1929. Decided February 11, 1929.)

[274 Pac. 489.]

*Mr. Timothy Nolan* and *Mr. Harlow Pease,* for Appellant, submitted a brief; *Mr. Pease* argued the cause orally.

*Messrs. Maury, Brown & Maury,* for Respondent, submitted a brief; *Mr. R. Lewis Brown* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by defendant from a judgment in favor of plaintiff after defendant's motion for a new trial had been overruled.

In her amended complaint plaintiff alleged that on or about the eighteenth day of February, 1925, the defendant promised that if plaintiff would enter into the Victoria Hotel, 11 East Mercury Street, in the city of Butte, and keep possession thereof for a period of six weeks and during that period and while she had possession of the premises, pay him rental therefor at the rate of $250 per month, "and wash and scrub and clean the interior of said premises, and during said time conduct a lodging house business in said premises, and attempt to fill the same with lodgers of good repute and build up a good reputation for the said premises, which had previously been, and then was, a house of ill fame, that she might keep and retain all revenue that she derived from the said premises during said six weeks, and that in addition thereto, at the end of said six weeks, he would pay her the sum of $1,500"; that thereupon and on or about the date aforesaid she entered into and upon the premises and held and kept possession thereof for a period of more than six weeks and did within that time wash, scrub and clean the interior of the premises and during that time duly performed all of the conditions of the agreement on her part; that the sum of $1,500 became due her on April 1, 1925; that on that day and frequently thereafter she demanded payment thereof from the defendant, but he has failed, refused and neglected to pay; that on the first day of April, 1925, at the defendant's special instance and request, plaintiff promised and agreed to occupy the premises as a tenant of the defendant and to pay him as rental therefor the sum of $250 per month, and she did occupy the same until January 24, 1927; that the rent of the premises for the month of December, 1926, amounted

to the sum of $250 and the rent from January 1, 1927, to January 24, 1927, amounted to $200, or a total of $450, "which said sum the plaintiff paid by crediting the same upon the sum of $1,500, and accrued interest from the first day of April, 1927, then due and unpaid from defendant to plaintiff, which left a balance due from the defendant to plaintiff of $1,267.66, no part of which has been paid." She prayed judgment for the latter sum, with interest.

The defendant's demurrer to the complaint was overruled, whereupon he answered. Except for admitting that plaintiff went into and later surrendered possession of the premises, and except as to the computation of the amount due from plaintiff to defendant for rent, defendant denied all other allegations of the complaint. The answer was filed December 16, 1927, and on March 3d the case was set down for trial on a day certain in April, 1928. It came on for trial on April 16th.

1. Some time after the order was made fixing the date for trial defendant moved that the cause be consolidated for trial with two other causes then pending between plaintiff and defendant. The three actions were begun by the plaintiff on the same day, August 24, 1927. The nature of the instant case appears from the complaint; one of the others is founded upon an alleged breach of contract growing out of the failure of the defendant to fulfill an option contract with plaintiff respecting the sale of the furniture of the Victoria Hotel, and the remaining one is for damages because of the alleged unlawful eviction of the plaintiff from the Victoria Hotel on January 24, 1927. On April 16, when the motion to consolidate the causes came on for hearing, this was the only one of the three at issue; the other two were pending on demurrer. It appears that Judge Law of the ninth judicial district had been called in and had assumed jurisdiction of this cause, while Judge Horsky of the first judicial district had been called in and assumed jurisdiction of the other two. When the motion looking to the consolidation of the three

causes was submitted to Judge Law he promptly overruled it. This was not error.

Section 9820, Revised Codes 1921, provides that whenever two or more actions are pending at one time between the same parties and in the same court upon causes of action which might have been joined, the court may order the actions to be consolidated. Whether the two causes founded upon two separate contracts could have been united need not now be determined, but it is quite certain that an action sounding in tort cannot properly be united with one sounding in contract. (Sec. 9130, Id.; *Nelson* v. *Great Northern Ry. Co.*, 28 Mont. 297, 72 Pac. 642.) But if the actions were such as could have been consolidated, it was within the discretion of the court to make, or to refuse to make, the order. Unless otherwise provided by statute the consolidation of actions, even where permissible, cannot be demanded as a matter of right; the matter rests within the discretion of the court, which will not be interfered with unless clearly abused, particularly where the consolidation is denied. (1 C. J. 1123; 8 Cyc. 593.) The statute is permissive, not mandatory. The purpose of the statute is to authorize the court to consolidate actions which may be united when the interests of justice make it proper that a consolidation should be had. (*Realty Construction & Mortgage Co.* v. *Superior Court*, 165 Cal. 543, 132 Pac. 1048.) Whenever the court is of the opinion that it may expedite its business and further the interests of the litigants, at the same time minimizing the expense upon the public and upon the litigants alike, the order of consolidation should be made, but manifestly the conditions then before the court will determine the exercise of the court's discretion.

2. The motion for consolidation having been denied, the defendant called up for hearing a motion for leave to amend his answer, notice of which he had filed April 11, 1928. The court denied the motion. The proposed amended answer differed from the original by adding a counterclaim.

Assuming that the counterclaim proposed would have been proper, the defendant did not assign any reason why it was not made a part of his original answer; he knew all the facts concerning it when the original answer was filed, and no reason appears why he should have delayed until after the cause had been set for trial, and until the very day of the trial, before moving to amend. The practice in this state is settled that amendments to pleadings after issue joined are in the sound legal discretion of the court. (*First National Bank of Helena* v. *How*, 1 Mont. 604; *Barrett* v. *Shipley*, 63 Mont. 152, 206 Pac. 430.) The action of the court in refusing to permit the amendment was not erroneous.

3. The defendant, when the case was called for trial, moved for a continuance. No especial argument is made on this score, but in any event the court's action in denying the motion falls within the rule that the granting or refusing to grant a continuance is in the sound legal discretion of the court, which will not be reversed in the absence of an affirmative showing disclosing an abuse of that discretion. (*Ward* v. *Strowd*, 76 Mont. 93, 244 Pac. 1007.) None such appears.

4. At the conclusion of plaintiff's case the defendant moved for a nonsuit, the principal ground being that the evidence fails to sustain the material allegations of the complaint; defendant's counsel insist that plaintiff failed to prove that she had built up a good reputation for the premises, and failed to prove that the Victoria Hotel had previously been, and then (February 18, 1925) was, a house of ill fame. The court denied the motion and, we think, correctly. There was sufficient evidence to put the defendant on his proof. The motion being overruled, the defendant produced testimony which, in some respects, tended to strengthen plaintiff's case. We shall proceed to consider the whole case.

Looking at the complaint we see that it was agreed that if the plaintiff (1) would enter into the Victoria Hotel and keep possession thereof for a period of six weeks, and during that period (2) pay the plaintiff rental, (3) wash and scrub

and clean the interior of the premises, (4) conduct a lodging-house business in the premises, (5) attempt to fill the same with lodgers of good repute and (6) build up a good reputation for the premises, which had previously been, and then was, a house of ill fame—she might retain the revenue derived from the premises during the six weeks, and in addition that the defendant would pay her $1,500. That the pleader deemed each of these allegations material seems clear. The reputation of the house was deemed material by the pleader. It does not need any argument to demonstrate that the consideration for the promise to pay $1,500 is based upon this element of the case: plaintiff was to take the house, then of bad reputation, and give it a good reputation. Allegation (6), analyzed with the context, carries this meaning irrefutably. Why should he pay plaintiff to take over the house and build up for it a good reputation if the reputation of the house was then good? The necessary inference is that the reputation of the house at that time was not good. Pleading that the house had previously been, and still was a house of ill fame was tantamount to alleging that it bore a bad reputation. The pleader might have said, and to better purpose, in view of his evidence, that plaintiff was to build up a good reputation for the place, which had previously been a house of ill fame and still bore a bad reputation.

The defendant agreed to pay the plaintiff $1,500 if she performed the conditions agreed upon, the most essential of which was to build up a good reputation for the house. Filling the house with lodgers of good repute was but an element in attaining the main object. Counsel for defendant complain bitterly of the allegation which charges as a present fact that the place was a house of ill fame. They say this matter is scandalous. But no motion was interposed to strike it from the amended complaint. They concede that the complaint as phrased states a cause of action. It would have stated a cause of action if the pleader had alleged, instead

of the criticised clause, the words "then was of bad reputation," or their equivalent.

Now as to the variance between pleading and proof. There is no doubt that the building in question had previously been a house of ill fame, and there was evidence tending to show that on the day the agreement was entered into it still bore a bad reputation.

The defendant purchased the property in 1917. At that time it was in the heart of the red-light district of the city, but there was on foot, it seems, a movement to abate the district and to exclude the *femmes publiques* from that street. Defendant would not have bought the place if he had not believed the law would be enforced and the street kept respectable. When he purchased, the property was not suitable for use as a hotel or rooming-house, but he added thirty rooms and made it suitable for that purpose. He was anxious to give the place a good name; he wanted to build up its reputation "as a decent, respectable rooming house." After he had renovated the place and given it a new name, Victoria Hotel, he rented it to divers tenants; at first at $350 per month, then at $300 and later at $250 per month. Recent experiences with lessees had not been satisfactory to him.

Plaintiff and defendant were acquaintances of over thirty years in the city of Butte. It was shown that on February 18, 1925, the defendant called upon plaintiff at her rooming-house on Oklahoma Street, and endeavored to have her take over the Victoria Hotel. According to plaintiff, he said she would do him a favor if she would take over the Victoria; he was "sick and nervous over that place." "You take the place, Mrs. St. George, and run the place and clean the place and build the name and I will give you $1,500 in five or six weeks." She told him she did not want to go there because the location of the place was not good; that her children would not approve, and she said, "You know, Mr. Boucher, the reputation of that place is not very good." She said she knew the reputation of that location. The foregoing went in

without objection. She was then asked, "What was the reputation of that location?" The question was "objected to as immaterial and incompetent and no foundation laid for any such testimony." Neither ground of objection was tenable. The question was neither immaterial nor incompetent and it cannot be said that a foundation had not been laid for it. Answering, she said: "Well, the reputation, you know, was sporting place; the Victoria Hotel was the name of Old Irish World, you know—that is why I did not like to go in that building. I told Mr. Boucher that." The conversation was a part of the discussions of the parties in their negotiations which resulted in the contract. Defendant himself said, "I was satisfied if Mrs. St. George consented to go over there and take the place she would run a respectable house and try to build up a name for me, otherwise I would not go down to see her. * * * Of all the women I knew I thought she was the best one to go in that place, because I knew her and had known her for years. * * * In the first conversation I had with her on Oklahoma Street there was something said about the condition of the place and about the street and its location; that was mentioned. I told Mrs. St. George at that time that I was trying to clean the women off East Mercury Street; the location and reputation of the place and the street was discussed between me and Mrs. St. George."

It is argued that the complaint, as phrased, imputed that the defendant was the keeper of a brothel, and his rights were prejudiced thereby. If it were conceded that the complaint carries that imputation, the assertion respecting prejudice is naught but speculation based on conjecture. If any one thing is clear in the record it is clear that the defendant was not the keeper of a brothel, but, on the contrary, ever since he bought the house, then a brothel, he had done his utmost to fill it with respectable people, to give it a good name, and also had done his utmost to remove the crimson women from the neighborhood. To say, upon this record, that

the verdict was influenced by the criticised allegation is to question the common sense of the jury. Indeed, a consideration of the entire testimony compels the conclusion that no other verdict than the one for plaintiff could reasonably be expected.

Without discussing the evidence further, suffice it to say that the contract was proved by testimony offered by the plaintiff substantially as alleged, except as to the descriptive allegation that the Victoria Hotel was a house of ill fame when the contract was made. There was evidence, introduced without objection, that the house then bore a bad reputation.

If the complaint were amended to state, instead of the allegation that the house "then was of ill fame," that the house "then bore a bad reputation," there would not be any question as to the sufficiency of plaintiff's proof.

A new trial in all probability would reach the same result. A reversal must needs be based upon the infraction of a rule of practice,—by reason of a departure between pleading and proof. Upon the facts this would be mere legal fencing. Here there was a departure from the letter of the pleading but the evidence sustains the substance of the charge,—it goes to the root of the cause of action.

"When a trial has been had upon evidence which has been introduced without objection, a judgment for the plaintiff will not be reversed for a defective complaint, but the complaint will be regarded as having been amended in the trial court if this is necessary to sustain the judgment, unless the defect made the basis of objection is a matter which goes to the root of the cause of action." (*Ellinghouse* v. *Ajax Livestock Co.*, 51 Mont. 275, L. R. A. 1916D, 836, 152 Pac. 481; *Galland* v. *Galland*, 70 Mont. 513, 226 Pac. 511.) The same principle is applicable where there is a departure from the complaint but the proof admitted without objection, or properly, sustains the essence of the cause of action, and would sustain an allegation which is substantially the equivalent of

the one alleged in the complaint. In such case the complaint will be deemed amended to conform to the proof.

"Where the evidence, which might have been excluded as not tending to reflect upon any issue made by the pleadings, has been admitted without objection, it will be given the same consideration as though fully warranted by the pleading of the party offering the evidence, or, in other words, the pleading will be treated as if it had been amended to admit the introduction of the evidence." (*Lackman* v. *Simpson*, 46 Mont. 518, 129 Pac. 325; *Kelly* v. *Gullickson*, 75 Mont. 66, 241 Pac. 623.)

We do not intend to intimate that this rule of practice is applicable where the variance amounts to a failure of proof, for in that case a motion for nonsuit will lie. For instance, one may not plead one contract and recover upon another (*Childs* v. *Ptomey*, 17 Mont. 502, 43 Pac. 714; *Kalispell L. & T. Co.* v. *McGovern*, 33 Mont. 394, 84 Pac. 709), or plead one wrong and prove another. (*Wortman* v. *Montana Central Ry. Co.*, 22 Mont. 266, 56 Pac. 316.) The rule is that "no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense on the merits. (Sec. 9183, Rev. Codes 1921.) Even in that case the court may order the pleadings to be amended, upon such terms as may be just (sec. 9183, supra; *McCrimmon* v. *Murray*, 43 Mont. 457, 117 Pac. 73). Where the variance is not material as contemplated in section 9183, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs. (Sec. 9184.)

Here there was neither failure of proof nor substantial variance in the general scope of the cause of action; if there was a variance it did not mislead the defendant to his prejudice in making his defense upon the merits, and therefore was not material. (*Matoole* v. *Sullivan*, 55 Mont. 363, 177 Pac. 254; *Wilcox* v. *Newman*, 58 Mont. 54, 190 Pac. 138.)

We have also in mind that "the court must in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (Sec. 9191, Rev. Codes 1921.)

The assertion that there is no proof that the plaintiff had built up a good reputation for the place cannot be maintained. The direct proof on that issue is meager, but there are cogent facts and circumstances which tend strongly to prove it. By the first of April, 1925, the Victoria was filled with roomers of good repute. If we are to believe the majority of the witnesses, and the jury believed them, the defendant himself deemed the contract performed by the plaintiff: the evidence that at the end of the six weeks and frequently thereafter, he promised to pay the plaintiff $1,500 is overwhelming.

5. Specification of error No. 3 relates to the order of the court denying defendant's motion for a continuance, and to the court's action in overruling defendant's objection to evidence, and alleges that the court erred in instructing the jury respecting the measure of damages. The contention respecting the continuance has been disposed of above.

When the plaintiff was on the stand she was asked this question: "Now, when you left the place in January, 1927, Mrs. St. George, did you owe Mr. Boucher anything?" This was objected to as incompetent, irrelevant and immaterial; specifically counsel objected to any evidence of the relation of debtor and creditor between plaintiff and defendant "on the ground that there is another action pending in the justice's court of Silver Bow Township, Silver Bow county, Montana, and has been pending since the 8th of January, 1927, which involves the question of the matter sought to be elicited by this question." To this was added that the evidence, if admissible at all, was only admissible for rebuttal of the counterclaim contained in the answer. As a matter

of fact there was nothing in the record at that time to show that there was another action pending between the parties in the justice's court, and the defendant had not interposed any counterclaim. The objection was overruled; the witness answered in the affirmative, and said she owed the defendant $450. She was then asked, "And what did you do, if anything, with reference to paying that $450 to Mr. Boucher?" Objection was made for the reasons above set forth; the objection was overruled, and she answered that she was owing the defendant $450, "and I gave him credit on that $1,500 and tried to collect the balance, you know, of the $1,500, and the balance and the interest on that." Her answer was consistent with her pleading. By reference to the pleadings it will be seen that plaintiff computed the rent due to the 24th of January, 1927, alleged that she paid the plaintiff that amount by crediting the same upon the sum of $1,500 and accrued interest. In his answer, as will be seen, defendant admitted the correctness of defendant's computation as to the amount due from plaintiff to defendant for rent.

In view of the state of the record and the character of the objections interposed by counsel for defendant, the court did not err in permitting the testimony, and in view of the character of the objections made to Instruction No. 1, the court did not err in giving it to the jury.

The other specifications of error have even less merit and need not be discussed.

For the foregoing reasons it follows that the judgment should be affirmed, and it is so ordered.

ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.

MR. JUSTICE GALEN, Dissenting:

I dissent. That the plaintiff deemed the allegation of her amended complaint to the effect that at the time of the alleged oral agreement by reason of which she entered into possession of the property as the defendant's tenant, it "*had previously*

*been, and then was a house of ill fame,"* material to a state-
ment of her cause of action, is made most apparent by the
record. In her original complaint filed she alleged that the
house in question *"had* by defendant been previously *rented
for immoral purposes."* This allegation was on the defend-
ant's motion stricken, and thereupon in substitution, by inter-
lineation, she made such allegation more emphatic and placed
upon herself a greater burden of proof by stating that the
house *"had previously been, and then was a house of ill fame."*
After a motion to strike such amendment was by the court
denied, the amended complaint was filed, evidencing a deter-
mination on her part to prove such fact as a basis of considera-
tion for the alleged contract. With full knowledge of all of
the facts, and objection raised to such allegation, she not only
reiterated it, but stood upon it as the foundation of her al-
ledged right of recovery. While it is true, as stated in the
majority opinion, the pleader might have alleged to better pur-
pose that the plaintiff for the consideration alleged undertook
*"*to build *up a good reputation for the place, which had pre-
viously been a house of ill fame and still bore a bad reputa-
tion,"* yet such was not the statement she elected to make as
to her cause of action against the defendant. Manifestly,
either allegation would have stated a good cause of action, ul-
timately showing the consideration for the agreement and the
plaintiff's right to recover; yet when she pleaded her case
as she understood it, it was incumbent upon her to prove it;
and the mere fact that upon other and wholly different alle-
gations of fact she would have been entitled to recover, does
not excuse her from proving her case in accordance with the
material facts alleged and upon which she predicates her right
of recovery. This seems to me but the application of most
fundamental principles. The utter failure to prove that the
house "had previously been, *and then was a house of ill fame,"*
affected the very root of the plaintiff's right of recovery, and
the absence of proof of such a material allegation does not
warrant this court in deciding that the complaint may be con-
sidered as amended to conform to the facts actually proven.

172

An agreement to clean up and give a good reputation to a building owned by the defendant, which had theretofore been and then was by him rented as a bawdy-house, as the consideration for the alleged contract, is wholly at variance with proof that the premises were at the time occupied as a rooming-house by miners, there being no women in the place, and that about eight years prior thereto, and before the defendant owned it, it had been a house of ill fame, and consequently previously had a bad reputation. Her task in building up a notorious whore-house to high social standard, would be infinitely greater than had the building theretofore been rented and used as a monastery. According to the allegations of her amended complaint, the existing character of the place, and the use to which it was then devoted, are most material elements of the consideration the defendant is alleged to have agreed to pay.

The rule for which I contend is given recognition by the majority, as it is said that "it does not need any argument to demonstrate that the consideration for the promise to pay $1,500 is based upon the reputation of the place," and "that the pleader deemed each of these allegations material seems clear." It is elementary that the proof must correspond with the material allegations of the complaint. The plaintiff must recover, if at all, upon the case made by the pleadings, and not upon a case developed by the evidence on the trial. (*Gregory* v. *Chicago, M. & St. Paul Ry. Co.*, 42 Mont. 551, 113 Pac. 1123; Bancroft's Code Pleadings, sec. 700.)

"This is a law case, and hence, unless the evidence supports the allegations of the complaint, the verdict cannot be sustained, although there might be evidence supporting the findings in plaintiff's favor if the allegations of the complaint had been different." (*Verdi* v. *Helper State Bank*, 57 Utah, 502, 15 A. L. R. 641, 196 Pac. 225.)

The averments made by the plaintiff in her complaint were before the jury, and such scandalous matter in the pleading, made to appear as a part of the consideration for the alleged

contract, without proof to support it, was highly prejudicial to the defendant in view of the sharp conflict in the evidence as to whether a contract was ever in fact made between the parties of the character upon which the plaintiff bases her right of recovery. The plaintiff should not in justice be permitted to make such a charge without the responsibility of proving it. It is noteworthy that the plaintiff occupied the premises continuously for a period of twenty-two months and until the very end of her tenancy, during which time she paid rent without deduction on account of her alleged contract with defendant upon which she predicates her right of recovery. If the place was in fact a whore-house when the plaintiff entered upon the contract, the consideration for the agreement would appear to be more reasonable. The effect of the judgment is to permit recovery on a contract not established by the proof. It is my opinion that the court erred in not granting the defendant's motion for a nonsuit.

Rehearing denied February 25, 1929.