Mantonya v. Huerter.

## L. B. MANTONYA
### v.
## PETER J. HUERTER.

*Practice — Continuance — Affidavits of Physicians and Attorney— Absence on Account of Ill Health—Nervous Prostration—Deposition— Failure to Take—Witnesses.*

1.    Where a continuance is sought on account of the absence of a party in interest who is expected to testify as a witness, a higher degree of diligence is required to procure his attendance or deposition than where the absent witness is a stranger to the suit.

2.    Affidavits in support of a motion for a continuance based upon the absence of a party to the suit through ill health should set up his expectation as to returning, or the probability of obtaining his testimony at some future time.

3.    In the case presented, this court holds that the affidavits filed contained nothing inconsistent with the view that defendant's deposition might have been taken before he went abroad; that they are vague and uncertain as to his health and the length of time he had been ill when he left the city; that nothing definite is stated as to the time of his return; and declines to interfere with the ruling of the trial court denying the motion in question.

[Opinion filed December 2, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. CRATTY BROTHERS & ASHCRAFT and SEYMOUR KISH, for appellant.

Mr. ARNOLD TRIPP, for appellee.

GARNETT, J.   When this cause was reached for trial on April 14, 1889, the attorney for defendant, Mantonya, moved for a continuance, supporting his motion by affidavits.   The ruling of the court in denying the motion is the only point made for the reversal of the judgment.   The affidavits for continuance are made by two physicians and defendant's attorney.   It appears therefrom that defendant had been for some time previous to, and was up to the time of the trial, suffering from nervous prostration; that it was the opinion of the physicians that it was necessary for him to give up all personal attention to business and the anxieties attendant thereon; that they had advised him to go to Europe and remain away from Chicago for several months, and that in his then condition it would be very unsafe for defendant to be subjected to the excitement which would necessarily attend his appearing upon the witness stand as a witness in his own behalf in any cause in which he would be likely to be cross-examined.   It appears from the affidavit of his attorney that defendant left Chicago *en route* for Europe, March 21, 1889, in compliance with such medical advice, and the attorney also swears that defendant's deposition was not taken because it was only known that he was about leaving a few days before he in fact did leave, and because he was not in a condition to bear the anxieties of examination and cross-examination upon the matters in dispute.

Nothing sworn to in these affidavits is inconsistent with the supposition that Mantonya's deposition might, and should have been taken before he departed for Europe.   The suit was begun December 15, 1887, and the issues were formed February 3, 1888, so that there was ample time for taking the depositions if the circumstances warranted that course.   The affidavits are very vague as to the length of time Mantonya had been ill before the trial.   One physician swears he had been suffering " for some time past from nervous prostration

which has assumed a serious aspect during the past few months;" the other, that "he has, for a considerable time, and still is suffering from nervous prostration;" while the attorney swears that "he has been an invalid for many months past." All that may be true, and still he may have been advised by his physicians to go to Europe, and determined to adopt their counsel, before his malady disqualified him for the excitement of cross-examination. The affidavits do not state *when* the European trip was advised, nor *when* he determined to go. In stating that "it was only known that he was about leaving a few days before he in fact did leave," his attorney presumably speaks for himself alone, as he could not swear when it was *first* known to the defendant.

Again, there is nothing to show any expectation that he will ever return, or that his testimony can be procured at any future time. The authorities hold that such expectation should appear from the affidavit. Shook v. Thomas, 21 Ill. 87; Richardson v. People, 31 Ill. 170.

When a continuance is sought on account of the absence of a party in interest who is expected to testify as a witness, a higher degree of diligence is required than when the absent witness is a stranger to the suit. Quincy Whig Co. v. Tillson, 67 Ill. 351.

The ruling of the court is clearly right. The judgment is affirmed.

*Judgment affirmed.*