[No. 6411.   Decided January 4, 1907.]

C. E. JACKSON, *Respondent*, v. MERCANTILE MUTUAL FIRE INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—AUTHORITY OF OFFICER—RATIFICATION. The plea of *ultra vires* cannot be set up by an insurance company as a defense to liability upon a note executed by its secretary, where the company had received the benefits of the transaction and had assumed payment of a loss to the extent of such note, for which it was given.

TRIAL—ARGUMENT OF COUNSEL. Error cannot be predicated on failure to permit argument of counsel, where the record fails to show any request therefor.

CONTINUANCE—GROUNDS. It is not error to refuse a continuance to secure the evidence of an absent witness where such evidence appears to be immaterial.

APPEAL — REVIEW — HARMLESS ERROR — DEPOSITIONS. Irregularly breaking open an envelope containing a deposition is harmless where no change was made in the deposition.

BILLS AND NOTES—TRANSFER—ACTIONS. It cannot be objected that the plaintiff should not maintain an action upon a note because he did not receive it voluntarily, where he received it before maturity in payment of a just debt.

[1]Reported in 88 Pac. 127.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered May 18, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a promissory note. Affirmed.

*Swanson & Ripley*, for appellant.

*E. H. Belden* and *W. C. Losey*, for respondent.

Root, J.—This action was brought by plaintiff to recover against defendant on a promissory note for $1,500, alleged to have been executed on October 15, 1904, payable to the Equitable Mutual Fire Insurance Company, a corporation, hereinafter referred to as the Equitable. From a judgment for the full amount in favor of plaintiff, the defendant appeals.

One Farnsworth had been the general agent for the Equitable, but at the time of the execution of this note, had recently been the moving spirit in the organization of the defendant company, and was secretary thereof and apparently had the general management of its business. The Equitable was withdrawing from business in this state, and made an arrangement with Farnsworth, as secretary of the Mercantile, to turn over to the latter its business in this state. There is a conflict in the evidence as to what was the exact consideration for the note sued upon herein; but we think that it satisfactorily appears that this note was given as a part of the consideration of the deal entered into between the Equitable and Farnsworth, as secretary of the Mercantile. It appears that, some time before the note was given, the plaintiff herein had suffered a loss by fire while holding a policy of insurance in the Equitable. It is in evidence that a part of the arrangement made between the two companies contemplated the bearing of this loss to the extent of $1,500 by the making of said note to the Equitable by defendant. After several

months' delay, the Equitable, as payment of plaintiff's loss, sent him the promissory note sued upon herein.

It is contended by appellant that Farnsworth had no authority to execute this note, and that it was done without the knowledge or consent of the trustees of the company. It is also alleged that it was *ultra vires*, there being nothing in the articles of incorporation or by-laws authorizing or justifying the issuance of a promissory note for any such purpose as that for which this was given. It will not be necessary for us to pass upon these questions, for the reason that we believe that the evidence shows a ratification on the part of the defendant company of the transaction by which the defendant company took over the money, bills receivable, and business of the Equitable, and assumed its obligations, and particularly the one wherein and whereby plaintiff's loss was to be satisfied to the extent of $1,500.

Error is also assigned upon the action of the trial court in deciding the case without permitting arguments by counsel for defendant. The statement of facts fails to show that any request was made by defendant or its counsel to present any argument. Exception is also taken to the action of the court in refusing to grant a continuance asked by defendant in order to secure the evidence of an absent witness. Defendant's counsel stated to the court what this witness would testify to and the trial court evidently thought, as do we, that said evidence could not make any difference in the result. The denial of the request was not error.

The action of the court in allowing in evidence a certain deposition is urged as error, for the reason that the envelope containing the deposition was broken and opened in the absence of the appellant and without notice. There is no contention or suggestion that any change whatever was made, or attempted to be made, in the deposition or any part thereof, nor that it was in any way different, or that there was any reason to believe or suspect that it had been changed from

what it was when signed and sworn to.    Under all the circumstances we do not think that this irregularity constitutes reversible error.    *Mendenhall v. Kratz*, 14 Wash. 453, 44 Pac. 872.

Certain assignments of error are based upon the action of the court with reference to the admission or exclusion of evidence; but none of these rulings was capable of affecting the result, and it is therefore unnecessary to pass upon them.

It is urged by appellant that plaintiff did not receive this note in due course of business or good faith.    We think this contention cannot be upheld.    It is probable that plaintiff did not accept the note voluntarily, but it is unquestioned that he received the same before maturity, and that it was delivered to him in payment of a just and legal obligation by and from the Equitable Company.    This being true, and the defendant herein not in a position  under the facts to assert the defense of *ultra vires* or lack of authority on the part of its secretary Farnsworth, we think that the trial court was justified in its conclusion.    The judgment is therefore affirmed.

MOUNT, C. J., DUNBAR, HADLEY, and FULLERTON, JJ., concur.

CROW and RUDKIN, JJ., took no part.