## RICHARDSON v. CARLIS.

A continuance on the ground of the absence of a witness will not be granted where the testimony of the witness, if obtained, would be inadmissible.

A buyer of a safe, who alleges in his answer in an action for the price, that the safe was worthless, but also alleges that he expended money on it by repairing the interior thereof, and by painting the exterior after a fire, to make it more salable, cannot urge total failure of consideration, but may claim that though the safe had some value for some purposes, it had absolutely none as

a fireproof safe, and that it was purchased for the sole purpose of protecting records.

A contract of sale of a safe designated as a "fireproof safe," merely represents that the safe is constructed of fireproof material, and does not warrant it as to the amount of heat or duration of exposure to heat which it will resist, and an implied warranty that the safe will protect its contents against any given exposure to fire is unauthorized.

Under Code Civ. Proc. § 411, subd. 5, providing for damages when an appeal is taken for delay, an appellant who has no faith in his appeal, but who only desires delay, is subject to damages.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by Louis D. Richardson against Louis Carlis. From a judgment for plaintiff, defendant appeals. Affirmed.

*Wesley A. Stewart,* for appellant.

It is commonly regarded as reversible error to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, and the evidence is material and due diligence is shown, and the opposite party refrains from making such admissions as will obviate a continuance. Lyons v. Stevens, 35 Tex. 439; 9 Cyc. 107; vol. 4 Ency. Pleading and Practice, 846; Stone v. C. M. & St. P. Ry., 3 S. D. 330. If the only witness present to testify to a point is a party in interest, and the other party contradicts him, a continuance should be granted to bring in disinterested testimony to settle the dispute. 9 Cyc. 108; Maynard v. Cleveland, 76 Ga. 52.

*Polk & McNenny,* for respondent.

It is the duty of a party to serve his witnesses in time to secure their presence at the trial, and where he has failed for the reason that the subpoena was not served in due time, his application for a continuance will be dénied. 9 Cyc. 116. The words "fireproof" safe constitute a trade name, designating the particular style of safes as distinguished from burglar proof safes. Diebold Safe & Lock Co. v. Huston, 39 Pac. 1035, 28 L. R. A. 53; Chimine v. Baker, 75 S. W. 330; Knox Fire Ins. Co. v. Hird, 23 S. W. 393; Wasson v. First Nat'l Bank of Indian-

apolis, 107 Ind. 206; Skades v. Herring, 62 Ala. 181. No continuance will be granted where the evidence of the witness, if present, would be incompetent. 9 Cyc. 106.

WHITING, P. J. This action was brought by the plaintiff to recover upon a promissory note given by the defendant to the Cary Safe Company. The complaint was in ordinary form, alleging the execution and delivery of the note to such company, that it had not been paid, and that it had been indorsed, transferred, and assigned to the plaintiff, who was now the owner thereof. It was not alleged that the note was negotiable, or that the transfer thereof to plaintiff was prior to its maturity. The answer was a general denial, with further allegations to the effect that said note was given under and by virtue of the following contract: "Sturgis, S. D., August 30th, 1905. State of South Dakota, Meade County. Cary Safe Co., Buffalo, N. Y. Please send as soon as convenient, one No. 10 'Fireproof' Safe (———), approximate size inside 27 inches high, 19 inches wide, 13 inches deep, as per illustrated catalogue or plan on back hereof, if any, necessary alterations allowed. Ship via cheapest route to Sturgis from Buffalo, N. Y., and rent same to undersigned on following terms: f. o. b. cars in Buffalo, N. Y., notes without interest, One Hundred and Twenty and no-100 Dollars, payable by a note due one year from date of arrival of safe. Cary Safe Company to pay all freight over $15.00 to be deducted from note. Finish in black and letter as follows L. CARLIS. Outside dimensions of safe to be 48 inches high, 32 inches wide and 25 inches deep. It is agreed that above sums are to be paid as rent for said safe. When the full amount of $120.00 is paid you are to give me a bill of sale of safe. If note is not forwarded to you at the expiration of 25 days from date of invoice all rent shall become due at the expiration of thirty days from the date of bill, and agree to accept and pay draft of amount mentioned below, and are not to countermand or attempt to annul this contract. It is agreed that the title of said safe shall not pass until notes are paid, or safe paid for in cash, but shall remain your property until that time. In default of payment of said rent, you or your agent may take possession of and remove said safe with-

out legal process. All claims for damages arising from such removal being hereby waived. You are to return any payments made for use of safe. Nothing but shipment or delivery constitute an acceptance of this contract. It is also hereby expressly agreed and understood that the foregoing embodies all the agreements made between us in any way, hereby waiving all claims of verbal or other agreements of any nature not embodied in this contract. The receipt of a duplicate hereof is hereby acknowledged. Agents not authorized to make collections. Amount $120.00. Truly yours, Louis Carlis." Defendant alleged that, pursuant to said contract, a safe was shipped to defendant; that the note was executed, upon receipt of said safe, for the $120 less excess freight paid; that by said contract Cary Safe Company was obligated and bound in law to furnish defendant a fireproof safe; that the safe furnished was not fireproof, and was wholly worthless and valueless, in that said safe afforded no fire protection to defendant's books and papers for which protection said safe was purchased and which was well known to Cary Safe Company. Defendant then alleged the occurring of a fire which destroyed his place of business and building where safe was situated; that the contents of the safe were ruined through defective construction of said safe, and the answer set forth the particulars in which it was claimed the safe was defective. The answer further alleged that the company was notified of the defects in the safe; that it sent its agents to adjust matters with defendant; that defendant made an agreement with such company through its agent, by which, in settlement, the company agreed to ship defendant a new safe in lieu of the defective one, and directed defendant to sell the old one for what it would bring; that he expended money in the repair and painting of said old safe, so that it would sell to better advantage; that the company had violated its promise and neglected to ship the new safe; that, instead, it had brought this suit in the name of one member of its firm of agents above referred to; that the consideration for said note had wholly failed; that the nominal plaintiff had paid no value for said note; and that, if the same was indorsed to him, such indorsement was long

after maturity, and with full knowledge of defendant's equities as above set out. There was no allegation of rescission or of attempt to rescind the contract; neither was there any plea of set-off or counterclaim; the sole defense, if any, pleaded being total want of consideration.

At the opening of the trial term, and also when cause was reached for trial, the defendant moved the court to continue the trial of said cause. The motion was overruled, and the cause tried, resulting in a directed verdict in favor of plaintiff. Judgment was entered upon such verdict, and, a motion for new trial having been refused, the defendant has appealed to this court from the judgment and order denying a new trial.

Appellant assigns as error the denial of the continuance prayed for. Respondent urges that the record does not properly bring this question before us. Without passing upon this question of practice, we pass to a consideration of the merits of the motion for continuance. It is elementary that a continuance should not be granted when the evidence sought to be obtained would for any reason be inadmissible. The evidence which it was claimed the absent witness would give would have been in relation to the condition of the safe after the fire, to the manner in which the safe appeared to have been constructed, and to the condition of the contents of the safe. If there had been any warranty, with counterclaim for damages based thereon, pleaded, or if there had been facts pleaded showing defendant entitled to rescind its contract with the safe company and that it had rescinded or there was a prayer for rescission, then the evidence of such witness would have been very material. Iowa Nat. Bank v. Sherman, 23 S. D. 8, 119 N. W. 1010. Only two issues were attempted to be raised by the pleadings—one in relation to the ownership of the note, the other want of consideration. It was not claimed that the absent witness knew anything about the ownership of the note. Could defendant be heard to say that there was a total want of consideration? We think not. In the same pleading wherein it is claimed there was a total want of consideration, defendant alleges the expending of money upon the safe by repairing the

interior and painting the exterior in order to make it more salable. Painting the exterior of a worthless safe would not render it of any value, and therefore the defendant should not be heard to say that the safe was wholly valueless when he received it. The principle herein involved is the same as was referred to in the case of Iowa Nat. Bank v. Sherman, supra, except that in this case the pleading itself controverts plea of total want or failure of consideration, while in that case it was controverted by evidence of claims made by the defendants. But the defendant might claim that, though the safe had some value for some purposes, yet it had absolutely none as a fireproof safe, and that it was purchased for sole purpose of protecting records. There is no claim that there was any representation or warranty regarding this safe, except what may be contained in the designation " 'Fireproof' Safe" as found in the written contract. It certainly cannot be claimed that such expression is a representation or warranty as to the amount of heat or duration of exposure to heat which the safe would resist, but at best but a representation or warranty that the safe was constructed of fireproof or incombustible material. This question was fully discussed in the case of Deibold Safe & Lock Co. v. Huston, 55 Kan. 104, 39 Pac. 1035, 28 L. R. A. 53, wherein the contract before the court was almost identical with the one before us. In that case the court said: "Safes denominated as 'fireproof' are made of various sizes, capacities, and styles. If the outside be made of iron, while that metal is commonly regarded as incombustible, because it will not burn, yet it is not indestructible by fire. It is a matter of common knowledge that iron will melt when subjected to a sufficient degree of heat. To imply a warranty that the safe would protect its contents against any given exposure to fire, we think, would be to imply a warranty of quality, and that altogether indefinite in its terms and imposing a liability which might be immensely disproportionate to the sum received." It is easy for parties to contract as to the quality of a safe by specifying the amount and duration of heat it will withstand or to contract in regard to its withstanding the heat produced by the burning of a certain building. The evidence of the

absent witness would not have tended to show that the safe was not a "fireproof safe." It is therefore clear that the evidence of the absent witness would have been inadmissible under the pleadings, and that the court was right in refusing a continuance.

Appellant claims that the note with the indorsement thereon was not received in evidence. The record shows the note and indorsement were offered in evidence, the offer objected to and objection overruled. Moreover, the appellant has as his sixth assignment of error: "The court erred in admitting in evidence the said note and indorsements thereon over the objection of the defendant." It would seem that the defendant was trifling with this court in making the claim here that the note and indorsement were not in evidence when his own abstract upon appeal shows the above.

Appellant also claims in this court that there is no evidence that the witness who swore to the authenticity of the indorsement and that he himself was the indorsee was one and the same party as Louis D. Richardson, plaintiff and respondent herein. This witness' evidence was found in his deposition, and at the time such deposition was offered in evidence, as appears by the record prepared for us by the appellant, the defendant, appellant here, entered the following objection to that part of the deposition which referred to the indorsement and transfer of the note, to-wit: "Defendant objects to this portion of the deposition offered for the purpose stated by the opposing counsel, for the reason that there is nothing in said deposition of this plaintiff in reference to that indorsement or its genuineness." Besides this, the offer was of the deposition of Louis D. Richardson. Again, it would appear that appellant was trifling with this court.

The appellant claims that the indorsement as read to the jury did not show the same signed by the Cary Safe Company or by any one for it, but there is no claim but what the indorsement, as received in evidence with the note, was ample.

Respondent urges that this is a case justifying the awarding of damages under subdivision 5, § 411, Rev. Code Civ. Proc., providing for the rewarding to respondent of damages when an

appeal seems to be taken for the purpose of delay. Recognizing the ability of counsel for appellant, and considering the answer herein as well as the grounds urged upon this appeal, we cannot but be convinced that the appellant had no faith in his appeal, but for some reason desired to delay the day when he must respond to his obligation.

The judgment and order appealed from are affirmed, and the clerk of this court is directed to tax as costs in favor of respondents $16 damages for delay by this appeal.