## ENGELKEMEIER v. LILLIS *et al.*

No. 5301.    Opinion Filed December 21, 1915.

(153 Pac. 877.)

1. **MORTGAGES — Purchaser of Mortgaged Property — Notice — Inadequacy of Price—Evidence.** Where a party sues to foreclose a real estate mortgage, which was not put on record until a third person had purchased the land, the material issue is whether the purchaser at or before the time he purchased had actual knowledge of the existence of the mortgage, or was in possession of such facts as put him on notice. And inadequacy of price is not an issue in the case, but may be shown by the evidence, only as a circumstance tending to support the issue that the purchaser had notice of the existence of the mortgage, and took into consideration its payment in fixing the price he paid for the land.

2. **CONTINUANCE—Grounds—Absence of Witness.** Where a cause has been pending for a year and a half, and the plaintiff has had a continuance on account of an absent witness, who is not in the United States, and with whom the plaintiff is not in communication, and plaintiff does not know where he is, and can give no definite assurance as to when he can procure his deposition or presence in court, it is not error to refuse the plaintiff a further continuance under such a showing.

3. **MORTGAGES—Purchaser From Mortgagor—Evidence.** A purchaser of real estate, when sued on an unrecorded mortgage, may show that his vendor told him the land was unincumbered, for the purpose of showing that he used reasonable diligence to ascertain the exact status of his title before accepting it.

4. **TRIAL—Refusal of Instructions Covered.** Where a court instructs the jury clearly, fairly, and fully upon every material phase of a case, it is not error to refuse to give any and all requested instructions.

5. **NEW TRIAL — Grounds — Interference With Argument — Interposing of Objections.** Counsel has the right to object to the argument of opposing counsel if he thinks it is improper or outside of the record. Though it may become annoying, yet it is a matter within the control of the trial court; and there would have to be a great abuse of the privilege to "object" before this court would be justified in granting a new trial on that ground.

(Syllabus by Brett, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Henry Engelkemeier against William C.
Lillis and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Dale & Bierer and W. S. Cline, for plaintiff in error.

Sam K. Sullivan, for defendants in error.

Opinion by BRETT, C. This is an action to foreclose a mortgage against a tract of farm land described in the petition, and situated in Kay county.

The material facts are that in 1908 plaintiff in error, Henry Engelkemeier, who will be referred to as plaintiff, sold this farm to his son, William Engelkemeier, and took his note for $4,000, secured by a mortgage on the farm, for an unpaid balance on the purchase price; the son assuming a mortgage of $3,000 which was on the farm at the time he purchased it. In February, 1911, William Engelkemeier traded this farm to defendant in error W. C. Lillis, who will be referred to as defendant. At that time Henry Engelkemeier had not put his mortgage on record, and did not do so until May 4, 1911, which was about three months after Lillis had purchased. Lillis in a written contract of purchase agreed to assume the $3,000 mortgage, and did so in the deed to him.

On August 22, 1911, the plaintiff commenced this action to forclose his $4,000 mortgage. The defendants answered, pleading, in substance, that they were innocent purchasers, and had no knowledge or notice whatever of the existence of the mortgage sued on, at the time they purchased. A trial was had to the court and a jury, and the jury found for the defendants; and the

court adopted their finding, and rendered judgment for the defendants, from which the plaintiff appeals to this court. The plaintiff complains of many errors.

1. The first is that the court, on motion of the defendants, struck from his petition certain allegations to the effect that the defendant Lillis obtained the deed to the tract of land from his son, William Engelkemeier, for an inadequate consideration. But we have carefully read the pleadings and facts; and, as we view the case, there is only one issue, and that is whether the vendee, Lillis, at the time he purchased, had actual knowledge of the existence of the plaintiff's mortgage, or was in possession of such facts as should have put him on notice that such a mortgage existed. And inadequacy of price could in no way affect the plaintiff's rights. He must stand or fall with his mortgage. He had no claim or interest in the land, except under his mortgage. If his mortgage stood, the amount of his recovery could not be affected by the inadequacy of the price received by his son. If his mortgage did not stand, he had no rights whatever which he could enforce against the land or the defendants. The issue was his rights under the mortgage, and nothing else. And we think the court properly confined the petition to the issue, under which the rights of the plaintiff must be determined. But the plaintiff insists that inadequacy of price was a circumstance that would have tended to show that the $4,000 mortgage was taken into consideration in making the deal, and that the son, under the price received for the farm, had made provision for the mortgage to be paid by the purchaser. But, if that was the purpose of this plea, the plaintiff cannot complain; for on that very theory the value of

the Kay county farm, which was mortgaged to the plaintiff, and the value of the property the plaintiff's son received for it, were gone into fully in the evidence, and the jury had the full benefit of the evidence as to the value of the farm Lillis got, and the value of the property he traded for it; and the court instructed the jury that they should consider these values as a circumstance to aid them in determining whether or not the defendant Lillis had notice, either actual or constructive, of the existence of the mortgage of Henry Engelkemeier.

2. The plaintiff also complains because the court overruled his motion for a continuance. The plaintiff, however, filed this suit August 22, 1911, and was granted a continuance April 1, 1912, on account of the absence of William Engelkemeier from the United States, and on January 10, 1913, filed another motion for continuance on the same ground, but he did not know at that time the exact whereabouts of the said William Engelkemeier, and was unable to get into communication with him, and gave no definite assurances as to when he could procure his deposition or obtain his presence in court. The defendants' title was clouded by this suit, and their rights were to be considered as well as the rights of the plaintiff; and under the showing made, and in view of the fact that the suit had been pending a year and a half and continued once on account of this absent witness, we cannot say the court erred in this ruling.

3. The plaintiff assigns as error the fact that the court permitted the defendant and one M. A. Crooks, who, as a real estate broker, made the trade, to testify to the fact that Wm. Engelkemeier told them that the $3,000 mortgage, which was on record, was the only in-

cumbrance against the land. But we think it admissible on the theory that the plaintiff had a right to show that he used reasonable diligence to ascertain the exact status of the title to the land. And, under the denial of the plaintiff that the defendant Lillis was an innocent purchaser, it was not error to permit him to show what inquiry he had made to ascertain whether or not there were other incumbrances, and the result of such inquiry, especially since he inquired of the party who was in possession and held the record title.

4. The plaintiff assigns as error certain instructions given by the court and the refusal of the court to give certain requested instructions. But we think the court clearly, fairly, and fully instructed the jury upon every material phase of this case, and that there was no prejudicial error in the instructions given or the refusal to give the instructions requested. We can hardly conceive of a simpler case than the one under consideration, or of issues less complicated. The controlling issue was whether Lillis had actual knowledge of the existence of this mortgage, or was in possession of such facts as put him on notice of its existence. This was purely a question of fact, and was clearly submitted to the jury; and, under the evidence and instructions, the plaintiff was given the benefit of all the direct evidence he produced and all the circumstances tending to establish notice, and the jury found against him, and the court adopted their finding. It is unfortunate that the plaintiff must lose his mortgage, but it was his own laches that made this possible.

5. The plaintiff complains very seriously because the court permitted counsel for defendants to interfere

repeatedly with the argument of counsel for plaintiff by interposing objections. We know of no rule that would or should prevent counsel from making objections to the argument of opposing counsel if he thinks such argument is improper or outside of the record. And, even though the objections might not be well taken and might become annoying, yet we could hardly deem that sufficient grounds for reversal. That is a matter within the control of the trial court, and the record before us does not show such an abuse of the privilege to "object" as would justify a new trial in order that counsel for plaintiff might be able to make an uninterrupted argument.

There are other assignments which we think it is unnecessary to discuss, for the reason that the plaintiff's rights were not prejudiced by the matters complained of.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.