WARD, APPELLANT, *v.* STROWD ET AL., RESPONDENTS.

(No. 5,811.)

(Submitted March 22, 1926. Decided March 29, 1926.)

[244 Pac. 1007.]

*Trial—Continuance—Absence of Witness—When Refusal not Abuse of Discretion.*

Continuance—Absence of Witness—When Motion Properly Denied.
  1. Where counsel for plaintiff asked for a continuance on the ground that plaintiff was unable to attend because of illness, and counsel for defendant agreed that he would admit that, if present, plaintiff would testify to the matters set forth in her affidavit, the continuance was properly denied.

---

1. Prevention of continuance by admissions, see notes in 74 Am. Dec. 148; Ann. Cas. 1914B, 361. See, also, 6 R. C. L. 568.

Same—Discretion—Duty of Movant.

    2. The matter of postponement of trial lies within the sound discretion of the court; the exercise of that discretion can only be reversed on an affirmative showing of abuse of it, and where it is asked for on the ground of the absence of a witness (plaintiff) because of illness, some assurance should be given the court that her attendance could be secured within a reasonable time.

Same.

    3. Where, in an action to set aside a deed and to recover rental of the property from the date of the contract to the date of judgment, plaintiff in asking for a continuance of the trial on account of illness, did not offer any excuse why a year or more was required to bring the case to trial, during which time the damages claimed were continually increasing, the court did not err in denying the motion, in view of the facts that defendant had agreed to admit that plaintiff would testify to the matters set forth in her affidavit filed in support of the motion, and that the presence of plaintiff at the trial was not indispensable.

Same — Production of Incompetent or Immaterial Testimony — Proper Denial of Motion.

    4. It is not an abuse of discretion for the trial court to deny a continuance for the purpose of introducing evidence which, if produced, would be either incompetent or immaterial.

---

[1] Continuances, 13 C. J., sec. 151, p. 195, n. 77; sec. 152, p. 196, n. 85.

[2] Appeal and Error, 4 C. J., sec. 2780, p. 809, n. 32, 34, 35. Continuances, 13 C. J., sec. 39, p. 141, n. 54; p. 142, n. 55, 56.

[3] Continuances, 13 C. J., sec. 62, p. 151, n. 73; sec. 63, p. 152, n. 79, 80.

*Appeal from District Court, Dawson County, in the Seventh Judicial District; Stanley E. Felt, a Judge of the Sixteenth District, presiding.*

SUIT by Nellie Ward against J. H. Strowd and others. Judgment for defendants and plaintiff appeals. Affirmed.

*Mr. Stanley M. Doyle* and *Mr. George W. Farr,* for Appellant, submitted a brief; *Mr. Farr* argued the cause orally.

That a motion for a continuance is addressed to the sound legal discretion of the trial court is unquestionably a well-established principle of practice, but this is a judicial, not an arbitrary, discretion ''governed and controlled by legal

---

    2. Review of discretion in granting or refusing continuance, see notes in 79 Am. Dec. 313; 140 Am. St. Rep. 693; 30 L. R. A. 703. See, also, 6 R. C. L. 544.

    4. See 6 R. C. L. 557.

rules, and to be exercised with a view to the manifest rights
of the parties and prevention of injustice and oppression."
(13 C. J. 125.) It is equally well established as a rule of
practice that a party to an action occupies a different posi-
tion thereto than a mere witness, especially where the facts
upon which the action is based or defined, as the case may be,
are within the sole knowledge of the party, plaintiff or defend-
ant, and that in such cases, not only because of the party
being able to testify at first hand, as to the facts within such
party's knowledge, but also because of the aid, counsel and
assistance which said party is required to give the attorneys
during the trial of the case, a continuance will be granted
due to the absence of a party plaintiff or defendant due to
illness. Generally speaking it is the right of the parties to
be personally present at the trial of their cases. (13 C. J.
138–141, secs. 36–39; 6 R. C. L. 551.) And the refusal to
grant a continuance because of the illness of a party has been
held to be such an abuse of discretion as to warrant an
interference by the appellate court in the following cases:
*Harrod* v. *Hutchinson,* 32 Ky. Law Rep. 3, 105 S. W. 365;
*Corbin* v. *State,* 99 Miss. 486, 55 South. 43; *Smedley* v. *Com-
monwealth,* 138 Ky. 1, 127 S. W. 485, 129 S. W. 547; *Deacon*
v. *Rasch,* 40 Ind. App. 77, 81 N. E. 84; *Morehouse* v. *More-
house,* 136 Cal. 332, 68 Pac. 976; *McMahan* v. *Norlick,* 12 Okl.
125, 69 Pac. 1047; *Low, Hudson & Gray Water Co.* v. *Hickson,*
32 Tex. Civ. App. 457, 74 S. W. 781; *Douglass* v. *Blakemore,*
12 Heisk. (Tenn.) 564; *Martin* v. *Nichols,* 121 Ga. 506, 49
S. E. 613; *McAlexander* v. *Hairston,* 10 Leigh (Va.), 486;
*Irish Industrial Exposition & Amusement Co.* v. *Sheridan,*
121 App. Div. 922, 106 N. Y. Supp. 392; *In re Townsend,*
122 Iowa, 246, 97 N. W. 1108. Refusal of a continuance be-
cause of the illness of a party, especially where that party is
practically the sole witness, is held error by the supreme court
of California in a number of cases. (*Jaffee* v. *Lillienthal,* 101
Cal. 175, 35 Pac. 636; *Morehouse* v. *Morehouse,* 136 Cal. 332,
68 Pac. 976; *Betts Spring Co.* v. *Jardine Machinery Co.,* 23

Cal. App. 705, 139 Pac. 656; *In re Stevens Estate,* 57 Cal.
App. 160, 206 Pac. 668; see, also, *Borman* v. *Geib,* 94 Okl. 270,
221 Pac. 1006; *Storer* v. *Heitfeld,* 17 Idaho, 113, 105 Pac.
55.)

*Messrs. Hildebrand & Warren,* for Respondents, submitted
a brief; *Mr. Raymond Hildebrand* argued the cause orally.

Ordinarily courts will more readily grant a continuance
at the first term the case is set for trial than where the case
has been set for trial a second or third time. (*Tallant* v.
*Whitright,* 63 Mont. 76, 206 Pac. 347.) The power to grant
or deny a motion for a continuance is vested in the sound
discretion of the trial court, and its exercise is not reviewable
unless a party can show affirmatively wherein prejudice was
suffered. (*Roy* v. *Clark* (Mont.), 215 Pac. 232; *State* v.
*Showen,* 60 Mont. 474, 199 Pac. 917; *Meredith* v. *Roman,*
49 Mont. 204, 141 Pac. 643; *Downs* v. *Cassidy,* 47 Mont. 471,
Ann. Cas. 1915B, 1155, 133 Pac. 106; *Bean* v. *Missoula Lum-
ber Co.,* 40 Mont. 31, 104 Pac. 869; *Tiffin* v. *Cummings,* 144
Cal. 612, 78 Pac. 23; *Colorado Trad. & Trans. Co.* v. *Oliver,*
20 Colo. App. 257, 78 Pac. 308; *Nye* v. *Manley,* 69 Wash. 631,
125 Pac. 1009.)

We do not think that the court should have permitted plain-
tiff to amend his affidavit for continuance, or to file new
affidavits, in support of his motion, or to file supplementary
motions or affidavits to the original motion for a continuance.
We believe that the plaintiff should have been required to
stand upon her original motion for a continuance. This was
especially true after the court had made a ruling on the
original motion for a continuance. It has been generally held
that an affidavit in support of a motion for a continuance
cannot be amended after a ruling thereon is had. (13 C. J.
190; *McBain* v. *Enloe,* 13 Ill. 76; *Pence* v. *Christman,* 15 Ind.
257; *Goldstein* v. *Morgan,* 122 Iowa, 27, 96 N. W. 897; *Shat-
tuck* v. *Myers,* 13 Ind. 46, 74 Am. Dec. 236; *Aiken* v. *Carmi-*

*chael Co.,* 127 Ga. 407, 56 S. E. 440; *Robson* v. *State,* 83 Ga. 166, 9 S. E. 610; *Norwood* v. *Sutton,* 1 Cranch C. C. 327, 18 Fed. Cas. No. 10,365; *Northwestern Aid Assn.* v. *Primm,* 124 Ill. 100, 16 N. E. 98; *Stockley* v. *Goodwin,* 78 Ill. 127.)

The presence in court of a litigant, at the time his case is tried, is not indispensable. (Sec. 9331, Rev. Codes 1921; *Davenport* v. *Davenport,* 69 Mont. 405, 222 Pac. 422; *Sheldon* v. *Landwehr,* 159 Cal. 778, 116 Pac. 44; *Lynch* v. *Superior Court,* 150 Cal. 123, 88 Pac. 708; *Canty* v. *Pierce & Anderson,* 173 Cal. 205, 159 Pac. 582.)

It is fundamental that where the evidence offered is not competent or material, it is not an abuse of discretion to deny the motion for continuance. (13 C. J. 153; *Jackson* v. *Fire Ins. Co.,* 45 Wash. 244, 88 Pac. 127; *Reclamation Dist.* v. *Sherman,* 11 Cal. App. 399, 105 Pac. 277; *Roy* v. *Clark* (Mont.), 215 Pac. 232; *Richardson* v. *Carlis,* 26 S. D. 202, Ann. Cas. 1913B, 47, 128 N. W. 168.)

If it appears from the evidence adduced at the trial that no injustice was done in overruling the motion for a continuance, such fact offers a valid reason why the verdict should not be disturbed. (6 R. C. L. 571; *Hyde* v. *State,* 16 Tex. 445, 67 Am. Dec. 630; 4 C. J. 947.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment in favor of J. H. Strowd and others, as defendants, and against the plaintiff, Nellie Ward. The only errors assigned are predicated upon the court's action in overruling plaintiff's motion for a continuance made before trial, and a like motion made at the close of defendants' evidence.

On November 3, 1923, plaintiff commenced action to secure a decree setting aside her contract for deed and deed conveying certain city property to defendant J. H. Strowd, and for the recovery of damages in the amount of the reasonable rental

of the property, alleged to be $40 per month, from the date of the contract to the date of judgment.

The amended complaint, filed January 15, 1924, alleges that the contract was entered into on May 25, 1921, at which time plaintiff was wholly lacking in capacity to understand the nature of her act or to contract, and that she was induced to sign the instruments through fraud and undue influence practiced upon her by Strowd and certain of her relatives. It is then alleged that plaintiff has since been restored to mental capacity.

Each defendant interposed a separate answer. That of J. H. Strowd, filed August 12, 1924, sets out the entire transaction between himself and plaintiff, who was then in Cedar Rapids, Iowa, and acted through a Montana agent; that the contract price was $3,200, of which defendant had paid installments amounting to $2,700, received and accepted by the plaintiff, and in addition thereto had paid out several hundred dollars in necessary improvements and for taxes on the property; that plaintiff ratified the contract and accepted the proceeds, and never returned, nor offered to return, any part thereof to this defendant. As a special defense Strowd alleged that plaintiff had been guilty of laches which should bar a recovery.

Issue was duly joined as to the other defendants, and on September 2, 1924, plaintiff demurred to the answer of defendant J. H. Strowd, and filed a motion to strike certain portions thereof. These matters were not called to the attention of the court, and the cause was set for trial, without objection on the part of the plaintiff. This setting was thereafter vacated on the court's own motion, for reasons not important here, but having nothing to do with the condition of the pleadings. On November 8, 1924, the cause was again set for trial for November 22, and again no objection was made on the ground that the case was not at issue, or otherwise.

On the morning of November 22, the case was called, and the court inquired whether plaintiff was ready for trial;

whereupon Stanley M. Doyle, Esq., of counsel for plaintiff, stated that plaintiff was not ready, for the reason that her motion to strike had not been passed upon by the court, and suggested that, if the motion was denied, plaintiff would like time in which to reply and take a deposition. It developed that the deposition desired was one for the taking of which a stipulation had been entered into long prior to the date set for the trial, and that the evidence sought thereby was as to plaintiff's mental and physical condition in the year 1921. The court dismissed the matter of taking the deposition with a suggestion to the effect that no good reason had been shown why the deposition was not then on file. The motion to strike was argued, and a large portion of the matter objected to was stricken from the answer; whereupon counsel for defendants agreed that all new matter contained in the answer should be deemed denied without formal reply, to which plaintiff's counsel made no objection. The court again inquired if plaintiff was ready for trial, and Mr. Doyle stated that he could not proceed until Judge Farr, his co-counsel, should arrive from Miles City on the following Monday. Thereupon the court continued the case until Monday, the 24th. It appeared from the discussion had in open court that Mr. Doyle had theretofore sought a continuance by stipulation of counsel, and that counsel for defendants had agreed that the setting might be vacated on condition that a trial be had before the first of the year, to which condition Mr. Doyle did not accede.

On the morning of the 24th the court again inquired whether plaintiff was ready for trial, whereupon Mr. Doyle presented a physician's certificate to the effect that plaintiff was seriously ill, suffering from an injured hip, from la grippe, and a weakened heart, and on this showing moved for a continuance. This motion was opposed on the ground that it was "untimely," and did not conform to the statutory requirements of a motion for postponement on the ground of the absence of testimony. Counsel for defendants stated that, if the proper showing was made, the defendants might admit

that, if the witness were present, she would testify to the matters revealed in the showing.

Mr. Doyle did not suggest that plaintiff's attendance was necessary for any other purpose than that of testifying in her own behalf. On the contrary, he stated to the court: "If counsel for the defendants will admit such testimony, as the plaintiff will testify to, we will be willing to go to trial," and requested time in which to secure her affidavit embodying her proposed testimony, which time was granted. On reconvening after the noon hour, such an affidavit was filed, and counsel for defendants stated that it was admitted that, if the plaintiff was present, she would testify to all matters contained in her affidavit. The court then ruled that, "in view of the statement of counsel for defendants, the motion for a continuance is overruled." Judge Farr then, for the first time, took part in the proceedings. He urged that, as the case was not at issue when set for trial, the setting should not have been made, and that, relying upon the fact that issue was not joined, plaintiff's counsel had not prepared for trial. In effect, he then again moved for a continuance on the ground that plaintiff's presence was necessary for the purpose of consultation and advice. The court inquired at some length as to the condition of plaintiff and the prospect of her being able to attend at a later date, but the inquiries elicited only the information that plaintiff's then condition had existed for some time, and that no one could tell when, if at all, she would be able to attend court. Counsel stated that a trial at a future date, but before the first of the year, would depend upon whether they would be able to get certain testimony and the ability of Judge Farr to attend at such date, and upon the plaintiff's recovery. The court thereupon stated that the case was of such nature that the defendants were entitled to a speedy trial. Counsel for plaintiff then asked, and were granted, further time in which to prepare and file additional affidavits, and thereafter filed additional affidavits signed by plaintiff and Mr. Doyle to the effect that plaintiff

would testify to the facts set out in her affidavit, and was willing to have the case tried whenever her physical condition would permit, and that her attendance was necessary for the purpose of advising counsel, and for the further purpose of rebutting testimony on the part of the defendants, but making no suggestion as to when, in the future, she might be able to appear in court. Counsel for defendants again caused the record to show that the defendants admitted that plaintiff, if present, would testify to all matters set out in her affidavit, and the court again ruled that, in view of the statement of counsel for defendants, the motion was overruled. A jury was then called and sworn, and plaintiff's case was made by the reading of the complaint, the affidavits filed, and a transcript of the proceedings had on the several motions, and all statements therein contained were considered as given in evidence.

The defendants made their case, and, they having rested, plaintiff's counsel again moved for a continuance, supporting the motion by the affidavit of Mr. Doyle, to the effect that it was then necessary to prove in rebuttal, and by the plaintiff, that defendant J. H. Strowd had only offered to return the property to plaintiff if she would repay all sums that he had paid her, and, in addition, from $200 to $500 in excess of all payments made by him; that certain witnesses testified falsely as to the disposition of her money, and had defrauded her of $1,500; and, third, that plaintiff's agent had testified falsely regarding the original offer by Strowd to purchase the property. On the submission of this motion the court called plaintiff's physician, and inquired as to plaintiff's condition, but only learned that it was serious, and that it would be impossible for her to then appear in court. The physician would not venture an opinion as to when, if at all, she would be able to appear. The motion was then denied.

1. The first motion for a continuance was made solely upon [1] the ground of the absence of evidence. It was wholly

insufficient.   Section 9332, Revised Codes of 1921, provides: "A motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it.   The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain, and if the adverse party thereupon admits that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed."   The court, however, in scrupulous fairness to plaintiff, suggested to counsel wherein his motion was deficient, and granted him time in which to amend his application.   Counsel for plaintiff then waived any merit there might be in his motion by agreeing that, if defendants' counsel would admit that plaintiff would testify to the matters set out in her affidavit, plaintiff was ready to go to trial.   On defendants' counsel so agreeing, the court was justified in overruling the motion.

Senior counsel for plaintiff contended before this court that his associate's offer was that, if defendants would agree that the statements made in plaintiff's affidavit were true, plaintiff would be willing to go to trial, but such contention is not borne out by what transpired at the time, a fair synopsis of which is hereinbefore set out.

2. If the action taken by senior counsel, after the court's ruling, can be said to constitute a second motion for a continuance, such motion was based upon the concluding paragraph of section 9332, above, which reads: " *  *  * Upon terms the court may, in its discretion, upon good cause shown, and in furtherance of justice, postpone a trial or proceeding upon other grounds than the absence of evidence."   In requesting a postponement in order that plaintiff might be present to advise and confer with counsel, plaintiff appealed to this discretionary power of the court without indicating in any manner that plaintiff could reasonably be expected to be

present at any time within the near future, and without showing any pressing necessity for her attendance upon the trial; indeed, taking the allegations of the complaint as true, it is extremely doubtful if a client could be of any assistance to counsel in this regard respecting a period when she claims she was entirely devoid of understanding, for this is the only degree of mental weakness which would enable her to vitiate her contract. (*Fleming* v. *Consolidated Motor Sales Co.*, 74 Mont. 245, 240 Pac. 376.)

The matter of postponement lies within the sound discretion [2] of the court, and the exercise of that discretion can only be reversed on an affirmative showing of abuse of discretion. (*McCarthy* v. *Anaconda C. M. Co.*, 70 Mont. 309, 225 Pac. 391; *State* v. *Showen*, 60 Mont. 474, 199 Pac. 917; *Meredith* v. *Roman*, 49 Mont. 204, 141 Pac. 643; *Borden* v. *Lynch*, 34 Mont. 503, 87 Pac. 609.) It was not indispensable that plaintiff, as a party litigant, be present at the trial (sec. 9331, Rev. Codes 1921; *Davenport* v. *Davenport*, 69 Mont. 405, 222 Pac. 422), and, in order to induce favorable action, some assurance should have been given the court that the attendance of the plaintiff could be secured within a reasonable time (*Engelkemeier* v. *Lillis*, 54 Okl. 282, 153 Pac. 877; *Beckman* v. *Waters*, 161 Cal. 581, 119 Pac. 922; *Mantonya* v. *Huerter*, 35 Ill. App. 27).

The court's remark that in a case of this nature the defend- [3] ants were entitled to a speedy trial was pertinent. The action was commenced November 3, 1923, more than a year prior to the date of trial, and from that date plaintiff was seeking to recover accumulating damages at the rate of $40 per month up to the date of judgment; taxpaying time was again approaching, and no reasonable excuse was offered why the plaintiff, who instituted the action, should have required a year or more in which to prepare for trial, during which time damages, if her position was correct, were constantly increasing.

Under the circumstances shown in the record, and in the face of the admission made by counsel that plaintiff was willing to go to trial if defendants would admit that plaintiff would testify to the matters set out in her affidavit, we cannot say that the court abused its discretion in denying the renewed motion for a continuance.

3. Coming to the motion made at the close of defendant's [4] case: The matters set out in the Doyle affidavit were wholly immaterial to the question for determination, *i. e.,* Was the plaintiff, at the time she executed the instruments under consideration, suffering from that entire lack of understanding which will vitiate her contract?

It is not abuse of discretion to deny a continuance for the purpose of producing evidence which, if produced, would be either incompetent or immaterial. (*Jackson* v. *Fire Ins. Co.,* 45 Wash. 244, 88 Pac. 127; *Reclamation District* v. *Sherman,* 11 Cal. App. 399, 105 Pac. 277; *Richardson* v. *Carlis,* 26 S. D. 202, Ann. Cas. 1913B, 47, 128 N. W. 168; 12 C. J. 153.)

This motion was subject to the same infirmities as those heretofore discussed, and, for the reasons heretofore stated, as well as because of the fact that the suggested evidence would have been immaterial, no abuse of discretion was shown.

While we are not called upon to go further, we cannot see how, from an examination of the whole record, plaintiff suffered any injustice in being forced to trial in her absence. In her affidavit in support of her first motion she states that she is a semi-invalid, and at times suffers an entire loss of memory, and that "she is informed and believes" that during a period covering the negotiations for the sale and the execution of the contract for deed and the deed she was in that condition. If her then condition could be proved at all, it must have been by testimony of others than the plaintiff; nor can we see how her presence in the courtroom could have been of any material benefit to her counsel in establishing

facts of which she would have had to admit she had no knowledge or recollection.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.